IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAIGE GIBSON                            :    CIVIL ACTION
                                        :
      v.                                :
                                        :
CITY OF PHILADELPHIA                    :    NO. 07-0318

**MEMORANDUM**

Baylson, J.                                                              May 23, 2007

**I.    Background**

Plaintiff, Paige Gibson, a former employee of the City of Philadelphia Water Department, brings this suit against Defendant, the City of Philadelphia,[1] alleging violations of 42 U.S.C. § 1981 (Count I) and the Pennsylvania Human Relations Act ("PHRA") (Count II). Plaintiff claims he was terminated because of his race, and because he notified his supervisor that he was being harassed. (Complaint ¶ 12). He also contends that Defendant's failure to rehire him after he took the Instrumentation Technician Exam in the Fall of 2005 and received the fourth highest score, constitutes unlawful retaliation. (Complaint ¶ 17).

Defendant filed a Motion to Dismiss the Complaint on February 22, 2007 for failure to state a claim under Rule 12(b)(6). On April 10, 2007, we ordered supplemental briefing on a

---

[1] Initially, Plaintiff named the Water Department as the only defendant in this case. In an April 10, 2007 Order, we asked the parties if they would agree that the City of Philadelphia, and not the Water Department, is the appropriate defendant in light of 53 P.S. § 16257 (providing that all city departments no longer have "separate corporate existence[s], and hereafter all suits growing out of their transactions . . . shall be in the name of the city of Philadelphia"). The parties stipulated that the case caption should be changed to name the City of Philadelphia as the defendant.

1

number of issues, which the parties submitted on April 25, 2007. For the reasons set forth below, we will grant Defendant's Motion to Dismiss, and give Plaintiff leave to amend his complaint.

## II. Legal Standard

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

## III. Discussion

### A. § 1981 Claim

In our April 10, 2007 Order, we asked the parties to address whether § 1981 creates a private right of action for employees subject to racial discrimination occurring under color of state law. Defendant has taken the position that § 1983 provides the exclusive remedy for alleged violations of § 1981 by state actors, whereas Plaintiff claims he may proceed directly under § 1981, and is not bound by § 1983's limitations on municipal liability (i.e., the requirement of Monell v. Dept. of Social Servs., 436 U.S. 658 (1978) that a plaintiff show an alleged constitutional violation was the result of an official custom or policy).

In Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 (1989), the Supreme Court held that

§ 1983 provides the exclusive federal remedy for violations of § 1981 by state actors. Thus, under Jett, the rules governing § 1983 claims (including Monell's custom/policy requirement) clearly applied to § 1981 claims brought against state actors. After Jett, Congress passed the Civil Rights Act of 1991 which, inter alia, amended § 1981 to include subsection (c), which provides that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."

There is a disagreement among circuit courts, as well as within the Eastern District of Pennsylvania, over whether the 1991 amendments created an independent cause of action under § 1981, thereby abrogating Jett's holding that § 1983 is the exclusive remedy for § 1981 violations by state actors. The Ninth Circuit has held that the amendments superseded Jett, and created an implied private right of action under § 1981. Fed'n of African American Contractors v. City of Oakland, 96 F.3d 1204 (9th Cir. 1996); see also Watkins v. Pennsylvania Bd. of Probation and Parole, No.Civ.A. 02-2881, 2002 WL 32182088 (E.D. Pa. Nov. 25, 2002) (following the Ninth Circuit). The Fourth, Fifth and Eleventh Circuits, as well as the majority of courts in the Eastern District, have held that the 1991 amendments did not supersede Jett, and plaintiffs asserting § 1981 violations against state actors must proceed under § 1983. See Fortes v. Boyertown Area School District, Civ.A.No. 06-0878, 2006 WL 3043108, at *9 (E.D. Pa. Oct. 20, 2006) (collecting cases).

Although the Third Circuit has not explicitly addressed the effect of the 1991 amendments on § 1981, in a 2003 non-precedential opinion, the court applied the view that § 1983 continues to be the remedy for § 1981 claims against state actors, stating:

The [Supreme] Court has ruled "that the express action at law provided by § 1983

>for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor . . . Thus, to prevail in his claim for damages [against a state actor], [a claimant] must show that the violation of his right to make contracts protected by § 1981 was caused by a custom or policy within the meaning of Monell and subsequent cases."

Oaks v. City of Philadelphia, 59 Fed. Appx. 502, 503 (3d Cir. 2003) (citing Jett, 491 U.S. at 735-36). Several courts in the Eastern District (including this one) have cited Oaks for the proposition that the Third Circuit "appears [to be] of the view that Jett survived the 1991 amendments." Carlton v. City of Philadelphia, No.Civ.A. 03-1620, 2004 WL 633279, at * 5 (E.D. Pa. Mar. 30, 2004); see also Jacobs v. City of Philadelphia, No.Civ.A. 03-950, 2004 WL 241507, at *4 (E.D. Pa. Jan. 29, 2004); Foxworth v. Pennsylvania State Police, No.Civ.A. 03-6795, 2005 WL 840374, at *6 (E.D. Pa. Apr. 11, 2005); Russ-Tobias v. Pennsylvania Bd. of Probation and Parole, No.Civ.A. 04-0270, 2006 WL 516771, at *5 (E.D. Pa. Mar. 2, 2006); Fortes, 2006 WL 3043108 at *9.

When this Court has addressed this issue in the past, we have treated the plaintiffs' § 1981 claims as merged into their § 1983 claims. See Jacobs, 2004 WL 241507 at *4; Foxworth, 2005 WL 840374 at *6. In this case, however, Plaintiff has not brought a claim under § 1983. Accordingly, we will dismiss the Complaint and grant Plaintiff leave to amend to correct this deficiency. Any claim Plaintiff brings asserting a violation of § 1981 by a state actor will be held to the requirements for municipal liability set forth in Monell.[2]

---

[2] Even if this Court were to hold that the 1991 amendments created an implied private right of action under § 1981 (which we do not), Plaintiff would still have to meet the requirements of Monell. As Judge Pollak observed in Meachum v. Temple Univ., 42 F.Supp.2d 533 (E.D. Pa. 1999), "no federal court appears to have concluded that the 1991 amendments eliminated the Monell requirement from § 1981 actions. Several courts, including those that

### B. PHRA Claim

Plaintiff also alleges violations of the Pennsylvania Human Relations Act ("PHRA"). In its Motion to Dismiss, Defendant claimed that Plaintiff failed to exhaust his administrative remedies. Since then, however, Plaintiff has provided the Court with an EEOC letter dated August 2, 2005, acknowledging receipt of a Title VII charge by Plaintiff against the Philadelphia Water Department, and indicating that the charge was dual filed with the Pennsylvania Human Relations Commission. Accordingly, Plaintiff has properly exhausted his administrative remedies under the PHRA. However, because we are dismissing the complaint with leave to amend, we will not take any action with respect to this state law claim. If Plaintiff chooses to reassert this claim in his amended complaint, we will address it at that time.

### IV. Conclusion

For the reasons set forth above, Defendant's motion to dismiss is granted, and Plaintiff is given leave to amend his complaint in a manner consistent with this opinion. An appropriate Order follows.

A:\Gibson v. City of Philadelphia 07-0318 - MTD.wpd

---

disagree whether § 1981(c) implies a cause of action . . . have concluded that a plaintiff seeking liability for the acts of its employee must still prove a governmental 'custom or policy.'" Id. at 540 n.7; see also Fed'n of African American Contractors, 96 F.3d at 1214-15 (concluding that although § 1981(c) implies a cause of action against state actors, the 1991 amendments "preserve[d] the 'policy or custom' requirement in suits against state actors"); Watkins, 2002 WL 32182088 at *6 ("We also agree with the Ninth Circuit that the policy and custom requirements of Monell apply to [§ 1981] claims against municipalities.").

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAIGE GIBSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | NO. 07-0318 |

## ORDER

_____AND NOW, this 23rd day of May 2007, it is hereby ORDERED, for the reasons stated in the foregoing Memorandum, that Defendant's Motion to Dismiss (Doc. No. 3) is GRANTED without prejudice, and Plaintiff is granted leave to amend the complaint within fourteen (14) days.

BY THE COURT:

**/s/ Michael M. Baylson**

Michael M. Baylson, U.S.D.J.